# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 6, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HEATHER PRITT,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1522** (BOR Appeal No. 2047320)
(Claim No. 2011036406)

**COMMUNITY PROGRESS COMMITTEE,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Heather Pritt, by Robert Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Community Progress Committee, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 30, 2012, in which the Board affirmed a June 7, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 2, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Pritt, a certified nursing assistant, alleges she sustained injuries in the course of her employment to her back and right leg while transferring a resident from a bed to a geri chair on March 15, 2011. Treatment notes by Phillip Spaur, D.C., indicate Ms. Pritt reported pain in her back and right leg with no history of trauma. Progress notes from April 4, 2011, through May 17, 2011, show that Ms. Pritt stated that she did not know what caused her back and leg symptoms. She admitted that she did not believe the injury was work-related.

1

The first time Ms. Pritt informed anyone that her injury was work-related was in a May 2, 2011, report of Julian Bailes, M.D. Ms. Pritt told Dr. Bailes that she injured her back while lifting a patient. Shortly after, on May 11, 2011, she applied for workers' compensation benefits. She testified in a deposition in September of 2011 that she did not fill out an incident report because she believed she would get better over time. The claims administrator rejected the claim on June 2, 2011.

The Office of Judges affirmed the claims administrator's decision in its June 7, 2012, Order. It found that due to inconsistent statements and the failure to report the injury in a timely manner, a preponderance of the evidence fails to establish that Ms. Pritt suffered a compensable injury in the course of her employment. The Office of Judges found that Dr. Spaur's treatment notes indicate Ms. Pritt complained of back pain approximately two months before he began treating her in April of 2011. His notes also indicate Ms. Pritt stated that she did not know what exactly caused her symptoms, reported no traumatic injury, and stated that she did not believe the claim was work-related. Only after she wished to have a workers' compensation claim form completed did she report that she was injured at work. The Office of Judges found that though a work-related injury was reported to Dr. Bailes, his treatment notes did not specifically address whether or not Ms. Pritt suffered a compensable injury. Dr. Spaur was found to be the only physician of record to opine that she suffered an injury in the course of her employment. He asserted this approximately a month and a half after the alleged injury. The Office of Judges concluded that his treatment notes indicate Ms. Pritt did not suffer a work-related injury. It also concluded that Ms. Pritt failed to report a work-related injury to her supervisor, Ms. Rollins. Ms. Pritt admitted as much in her deposition and Ms. Rollins signed an affidavit attesting to that fact. The Office of Judges found the affidavit to be consistent with the treatment records which indicated Ms. Pritt stated she suffered no traumatic injury.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its November 30, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Ms. Pritt has failed to establish that she sustained an injury in the course of and resulting from her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 6, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II